WILLIAM H. CLAPHAM *vs.* LEMUEL CRABTREE.

Hancock.    Opinion August 1, 1881.

*Partnership.    Replevin bond.    Damages.*

Whether one copartner who, ignoring the partnership and the remedies in equity between partners, has taken from another member of the firm by virtue of a replevin writ, some of the partnership property, is thereby estopped from setting up the existence of the partnership and his own interest as a partner in the property, at a hearing upon equitable principles for the mitigation of damages on his replevin bond, *Quære.*

But upon such hearing for the equitable reduction of damages on the replevin bond given in such a case, the rule is full indemnity for the obligee in the bond, and it is incumbent upon the obligor to establish, not merely the apparent interest of the obligee in the property replevied upon a numerical division of it among the members of the firm, but to go farther and show that as between the obligee and himself, the obligee will have had more of the property and funds of the firm, than himself, if full damages are given, or that the obligee is indebted to the firm, and his equitable interest in the property thereof does not equal the value of the property replevied and not returned.

When the obligor in a replevin bond thus given comes forward to have the damages arising from the breach of his contract mitigated on equitable principles, he should, at all events, go far enough to show that he has not deprived his partner by a resort to the forms of law of that which was necessary to his partner's equitable security for his dues in the adjustment of the copartnership affairs.

In equity, each partner has an interest in the property of the firm in proportion to his contributions to its funds.    It is this equitable interest that is to be regarded in such a hearing in mitigation of damages; and where there is no proof that if he had remained in possession of the property replevied from him, the obligee would have more than his just proportion of the firm's property, full damages will be awarded.

ON REPORT.

The facts appear in the opinion.

*A. P. Wiswell,* for the plaintiff, cited: *Bath* v. *Miller,* 53 Maine, 308; 40 Maine, 284; *Tuck* v. *Moses,* 58 Maine, 461; *Bartlett* v. *Kidder,* 14 Gray, 449; *Davis* v. *Harding,* 3 Allen, 302; 22 Wallace, 208.

*Hale and Emery,* for the defendant.

It would seem on principle, that the measure of damages would be only the value of the plaintiff's interest. Damages are intended for compensation only, and when the plaintiff is paid the value of his interest he is fully compensated.

Suppose they were co-tenants, and instead of replevying and selling, the defendant had taken and sold the property. In such case, the plaintiff would have had no bond to put in suit, but would have brought his action of trover, or money had and received. What would have been the measure of damages in such actions? In such case it could not be said that defendant received the whole five hundred dollars, to the use of the plaintiff, when he, the defendant, owned half of it.

In trover, it is clear that plaintiff could only recover the value of his interest. That was all that plaintiff recovered in *Wheeler*. v. *Wheeler*, 33 Maine, 347; *Weld* v. *Oliver*, 21 Pick. 559.

Now if instead of taking and selling, the defendant replevied and sold, and so gave the plaintiff security for his interest, it is hard to understand why the plaintiff should receive more, or the defendant pay more. In *Bartlett* v. *Kidder*, 14 Gray, 449, this question is settled as between co-tenants, and it is there decided that the plaintiff in the replevin bond suit, can only recover the value of his interest.

Now in the opinion in this replevin suit, *Crabtree* v. *Clapham*, 67 Maine, 326, the principles of cases between co-tenants are expressly applied to cases between partners. It is there stated, that nothing appearing to the contrary, the parties are presumed to be equal owners. In assessing damages, the court say interest on one-half the sum would not be adequate compensation for the detention of a half interest, and their assessment of damages is based on the idea of one half interest only. The facts now presented are precisely the same, so that on principle and authority, the plaintiff can only have judgment for two hundred and fifty dollars, and interest, from January 7, 1878.

BARROWS, J. The defendant brought an action of replevin, for a yoke of oxen and a horse valued at five hundred dollars, against the plaintiff who was his copartner, and the property replevied belonged to the firm. When he brought this action,

defendant had another horse and yoke of oxen of the same value, belonging to the firm, in his own possession; but, giving the requisite replevin bond, he took these also out of the possession of his copartner, by a replevin writ. He failed in his action, and it was held that as a general rule, replevin does not lie in favor of one copartner against another for partnership property; and a return of the whole of the property taken on the replevin writ, with costs and damages for the detention from the time of taking, to the date of final judgment, was ordered, *Crabtree* v. *Clapham,* 67 Maine, 326. The defendant paid the damages and costs, but he had sold the property and could not return it; and in this action on the replevin bond, he resists the payment of anything beyond one half the value of the property, claiming that that is the extent of the plaintiff's interest.

To get possession of this property, he contracted with sureties among other things, to return it in case such should be the judgment of the court—to return, not half, but the whole of it. *Prima facie,* the damages for the breach of that contract should be the value of the property, with interest from the time when the return was demanded.

The burden is upon the defendant to satisfy us that less will indemnify the plaintiff.

The case develops nothing that would justify us in concluding otherwise than that the defendant has had the whole of the copartnership property, possession of one half of it having been "gained by the abuse of legal process," (*Crabtree* v. *Clapham,* 67 Maine, 327,) and that a bill in equity is pending, to determine how the partnership matters stand, the same never having been settled, in which suit nothing has yet appeared to show that the plaintiff is indebted to the copartnership, or is not equally entitled with the defendant to the possession of and a beneficial interest in, one half of *all* the partnership property. To say that upon such a showing the plaintiff was limited by law to the recovery of only one half the value of the property replevied as damages upon the replevin bond, would be to put it into the power of any insolvent partner who might at the same time be heavily indebted to the partnership, to possess himself of all the

copartnership property, and dispose of the same for his own benefit, and relieve his sureties on the replevin bond, by the payment of one half its value to his defrauded co-partner, leaving him nothing but a worthless judgment against himself at the end of a process in equity.

Certainly this is not the full indemnity to which the successful defendant in replevin is entitled by virtue of his bond.

The strongest cases which favor the defendant's position, that the plaintiff is entitled to recover only the value of his apparent legal interest in the property, nevertheless recognize the rule of full indemnity for the wrongful act of depriving him of his possession by means of the replevin writ. Thus in *Bartlett* v. *Kidder*, 14 Gray, 449, where the plaintiff, an officer, had attached on mesne process, personal property owned by the principals in the replevin bond in common with the debtor, and the defendants were allowed to show their interest in the property in mitigation of damages in the suit on the bond, the court remark in substance that the officer could have sold the interest of the debtor only; that if he sold more he would be a trespasser against the cotenants ; that he would be fully indemnified by allowing him the value of the debtor's interest in the property with statute damages, as that was all that he could be liable for either to the attaching creditor or the debtor, and finally that "the principle upon which such facts may be shown in mitigation of damages, is, that full indemnity will be thus given to the obligee of the bond; and this is all he is entitled to on the hearing in equity."

So, in *Hacker* v. *Johnson*, 66 Maine, 21, which was replevin brought by one partner against an officer who had attached the partnership stock for the debt of the other partner, a nonsuit and return were ordered, notwithstanding the plaintiff offered to show that the partnership was insolvent; that the copartner whose share in the stock was thus attached was indebted to the firm in a large amount, and that the plaintiff in replevin was solvent and had sold the replevied goods and applied the proceeds to pay the indebtment of the firm as far as they would go. The court then remarked that these matters would be competent in mitigation of damages in a suit on the replevin bond, as the attaching creditor

would then "have had an opportunity of first seeking an account of the partnership affairs in a court of equity," thus showing that it was the *equitable* and not the *legal* interest of the partner that was to be ascertained in order to fix the damages. That evidence of this sort cannot be received as a full defence to the action on the bond, or to the extent of impeaching the judgment for a return where such judgment has been entered after a hearing on the merits, see *Davis* v. *Harding*, 3 Allen, 302; *Buck* v. *Collins*, 69 Maine, 445. Indeed, the counsel for defendant do not claim this in argument, but admit that the plaintiff is entitled to judgment for the value of his apparent interest in the property as an equal partner, without regard to the disposition which has been made of the other partnership property; *i. e.* for one half its value and interest since the date of the demand.

The defendant is here to urge equitable considerations for the mitigation of the damages ensuing from the breach of his bond. He that asks equity must do equity; and the defendant in order to satisfy us that it is equitable that he should have three fourths of what so far as appears, constitutes all the partnership property should have been prepared to show that the equitable interest of his partner, the plaintiff, was no more than one fourth. It is the equitable interest, as distinguished from the mere apparent legal interest which is to be regarded in this hearing in equity to mitigate damages. It was the equitable interest of the debtor which the attaching officer in *Hacker* v. *Johnson*, was to hold, not his share according to a mere equal numerical division.

The defendant fails to show any equitable reason why he should not have complied with the order of court, which was that he should return the whole of the property which he had taken on his replevin writ.

But aside from the equitable aspects of the case we think there are strong reasons for holding that a copartner who brings a suit of this description against his associate, thereby estops himself from setting up the copartnership which he has in the outset ignored, and should be held to the performance of the order of the court, or to the payment of the natural damages for the breach of his contract, without letting in the equities the existence of which

he has denied in order to possess himself of the property. Abundant remedies for copartners as between themselves are provided in equity in a court always open. If they wish to guard against the misapplication of partnership funds or property, an application for an injunction and a receiver will do it thoroughly.

If, notwithstanding all this, a copartner, neglecting his appropriate remedy, will resort to an action at law, we think he must live up to his contract to abide by the result, and not seek, as here, to convert defeat into half a victory by a late and partial application of equitable rules, which if applied at all should govern at the beginning as well as the end.

But it is not necessary in the decision of the present case to determine that a partner replevying copartnership property from his associate shall be estopped thereby from asserting partnership equities to mitigate the damages recoverable on his replevin bond.

The defendant fails to show that such equities will justify the reduction which he claims. Apparently they require that the value of the property taken by him on the replevin writ, be restored to the plaintiff in order to make an equal division of the partnership property. In equity all the property of the partnership is chargeable as between the partners with the sums due from the individual members to the firm, and for aught that appears, the beneficial interest of the plaintiff in the property replevied may be equal to its entire value. To mitigate the damages for the breach of his contract it was incumbent on the defendant to make it appear that it was not so. Instead of doing this he places his main reliance upon the fact that the amount of damages awarded to the present plaintiff, (then defendant) for the detention of this property before judgment in the replevin suit was based upon the apparent legal interest of the parties. *Crabtree* v. *Clapham,* 67 Maine, 326.

He forgets that the burden of proof has now changed. It rested then upon this plaintiff (if he would have damage computed upon more than half the value), to prove that his damage was more than his apparent legal interest would indicate, and he

neglected to do it, leaving us, as now, uncertain how the accounts between the partners and the firm stand. *Now* it is incumbent upon this defendant who asks to have the damages for the breach of his bond equitably reduced, to show that the interest of the plaintiff in the partnership property is by reason of his indebtment to the firm, less than the value of this portion of it. He fails to show that the plaintiff is indebted to the firm, or that the plaintiff's equitable interest in the partnership property is less than the full value of this fraction of it, as completely as this plaintiff, in the former case, failed to show that it was more than half when the burden rested on him. Each of the parties has in his turn failed to appreciate the burden of proof devolving on him.

The case shows that a bill in equity is pending for the adjustment of the partnership affairs; but we are left without any information as to its probable result. If the plaintiff recovers more than his actual equitable interest in the property by way of damages here, it may affect the balance and costs in the equity suit.

To insure exact justice, it might have been proper to allow this case to await at *nisi prius* the result of the equity suit. But no such request was made. We pass upon the case as the parties saw fit to present it.

*Judgment for plaintiff for $500, and interest from January 7, 1878.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.

PETERS, J., did not concur.